DA 06-0213

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 239N

STATE OF MONTANA,

       Plaintiff and Respondent,

    v.

JOHNNY ULRIGG,

       Defendant and Appellant.

FILED

SEP 18 2007

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DC-04-366
                   Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Martin W. Judnich, Law Office of Martin W. Judnich, P.C.,
              Missoula, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
              Assistant Attorney General, Helena, Montana

              Fred Van Valkenburg, County Attorney; Karen Townsend, Deputy
              County Attorney, Missoula, Montana

Submitted on Briefs:  February 28, 2007

Decided:  September 18, 2007

Filed:

_____
                 Clerk

FILED
September 18 2007
Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

sentenced Ulrigg to a short prison sentence, mostly suspended. The court also imposed terms and conditions on Ulrigg's sentence. Ulrigg takes issue with the District Court's order that he pay $50 for the "cost of prosecution," and its order that he pay $95 in restitution for two police uniforms he damaged and medical treatment of the officers he injured.

## STANDARD OF REVIEW

¶7 We review a criminal sentence for legality only. Thus, our review is confined to whether the sentence is within the parameters provided by statute. *State v. Heath*, 2004 MT 58, ¶ 8, 320 Mont. 211, ¶ 8, 89 P.3d 947, ¶ 8.

## DISCUSSION

¶8 **Did the District Court err by imposing a $50 "cost of prosecution" fee as a condition of Ulrigg's sentence?**

¶9 On appeal, Ulrigg argues the District Court improperly required him to pay the cost of his own prosecution despite the absence of any statutory authority for doing so. While Ulrigg presents compelling authority in support of his argument that such a fee— without a statute specifying the purpose and basis for calculating the fee—is unconstitutional, we agree with the State that the $50 fee was actually imposed to pay the cost of Ulrigg's court-appointed defense counsel and thus was not improper.

¶10 A district court may require a convicted defendant to pay the costs of court-appointed counsel as a condition of sentence. Section 46-8-113(1), MCA. Such costs must be limited and reasonable and may not be imposed unless the district court finds that the defendant is or will be able to pay them. Section 46-8-113(2) and (3), MCA. We

3

recently upheld the constitutionality of § 46-8-113, MCA, in *State v. Ellis*, 2007 MT 210, ___ Mont. ___, ___ P.3d ___.

¶11 Although the District Court's written judgment specifically refers to the fee imposed as a "cost of prosecution," the record reveals that this term does not accurately identify the purpose for which the fee was actually imposed. The following exchange occurred between the District Court and counsel for the State at sentencing:

> THE COURT: You're asking for cost of prosecution, fifty dollars, reimbursement for public defender?
>
> MS. TOWNSEND: Right.
>
> THE COURT: Why times two?
>
> MS. TOWNSEND: Because he's had two different public defenders. Mr. Henry represented him for about – up until – I guess, September or October – and so I think that Mr. Henry's costs as well as Mr. Judnich's costs ought to be [] reimbursed.

Defense counsel objected to the "prosecution fee," as well as to repayment of public defender fees.

¶12 The colloquy between the District Court and prosecutor clearly shows that the fee was for the purpose of reimbursing the cost of Ulrigg's two public defenders. However, the fee was incorrectly termed a "cost of prosecution" in the written judgment, and neither party moved to amend the judgment. Therefore, we remand for entry of an amended judgment assessing, as intended, a cost for Ulrigg's court-appointed defense counsel in accordance with § 46-8-113, MCA.

¶13 **Is § 45-6-101(2), MCA, unconstitutional under the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)?**

4

¶14 Ulrigg argues it is unconstitutional for the criminal mischief statute to require imposition of restitution in an amount determined by the court. According to Ulrigg, this violates *Apprendi* because it authorizes the judge, not the jury, to determine the amount of restitution following a trial.

¶15 *Apprendi* stated the following rule: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. However, we held in *State v. Field*, 2005 MT 181, ¶ 29, 328 Mont. 26, ¶ 29, 116 P.3d 813, ¶ 29, that the rule of *Apprendi* does not apply to the imposition of restitution. There, we agreed with the Seventh Circuit Court of Appeals that restitution "is not a criminal punishment but instead is a civil remedy administered for convenience by courts that have entered criminal convictions, so the Sixth Amendment does not apply." *Field*, ¶ 29 (quoting *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005)). Accordingly, we conclude that the District Court did not err in ordering Ulrigg to pay $95 in restitution.

## CONCLUSION

¶16 We affirm the judgment of the District Court but remand for entry of an amended judgment assessing costs for court-appointed defense counsel instead of the "cost of prosecution."

_____
                    Justice

5

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6